UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ELON CASSIE, individually and on behalf of all
other persons similarly situated,

                      Plaintiff,                17-cv-06587 (LGS)

     v.

JB SECURITY, INC., and JASON TIRADO, as an
individual,

                      Defendants.
------------------------------------------------------------------X

## AFFIDAVIT OF VIRGEN RODRIGUEZ

STATE OF NEW YORK     )
                                  ) ss:
COUNTY OF BRONX       )

      **VIRGEN RODRIGUEZ,** being duly sworn, hereby declares, pursuant to 28 U.S.C. § 1746 under penalty of perjury, that the following is true and correct:

      1.     I have personal knowledge regarding the statements in this affidavit, except where those statements are made upon information and belief. As to those statements, I believe they are true.

      2.     I am a resident of New York and am over 18 years of age.

      3.     I have worked for JB Security, Inc. as an office manager for several years.

      4.     I am familiar with the schedules and work that JB Security, Inc. security guards perform in residential and commercial complexes, including the work previously performed by Plaintiff Elon Cassie.

      5.     JB Security, Inc. guards, including Mr. Cassie, all work 40 hours or less a work-week. Mr. Cassie did not work weekends. Mr. Cassie worked Monday through Friday 8 hours

each day. It is JB Security, Inc.'s policy to pay any employee working more than 40 hours in a work week time and one half the employee's base rate of pay, including any differential if applicable.

6. During the entire time I have worked at JB Security, Inc. the other JB Security, Inc. security guards always worked 40 hours or less per work-week. I know that to be the case because I am familiar with the JB Security, Inc. operations.

7. JB Security, Inc. security guards, including Mr. Cassie when he worked for JB Security, Inc., were assigned to different buildings during their employment. Each building had its own supervisor. Therefore, each guard has an individual situation regarding his work, as he works different buildings for different supervisors on a regular basis. The individual building supervisor had direct control over the specific working conditions of the assigned security guard including control over the hours that they worked.

8. I know that the security guards did not work more than 40 hours in a work-week because I would speak to them and the office I worked in set their weekly hours. I also know there is no common policy or policy relating to any individual employee at JB Security, Inc. requiring the employee to work overtime and failing to pay security guards or anyone else for that overtime work. The common policy at JB Security, Inc. was to pay employees all wages they were owed for work they performed and to not require employees to work more than 40 hours in a work-week.

9. I understand Mr. Cassie is claiming JB Security, Inc. has a policy of not paying overtime wages. JB Security, Inc. has no such policy. JB Security, Inc. also paid all security guards including Mr. Cassie at least the minimum New York wage rate in effect at the time the guards were working. I am unaware of Mr. Cassie ever making a wage claim to any JB Security,

Inc. representative when he worked for JB Security, Inc. Since I am the office manager I would have been made aware of any such wage complaint.

10. Approximately 200 individuals work at JB Security, Inc. as security guards. The security guards are hourly employees. To my knowledge all of them worked 40 hours or less per work-week. Therefore, these guards have no overtime pay issues and I am unaware of any JB Security, Inc. security guard with an overtime issue.

11. I believe all JB Security, Inc. guards have been paid in full for their work. Mr. Cassie was paid in full for the security guard work he performed for JB Security, Inc.

12. JB Security, Inc. security guards typically work at several different construction sites in New York City, and often have different supervisors depending on the construction site.

13. Mr. Cassie commenced work as a JB Security, Inc. security guard in 2014. He failed to report to his job in October 2017 and has not reported since. Therefore, Mr. Cassie voluntarily ceased his employment with JB Security, Inc. Mr. Cassie received more than the minimum wage for every hour of work he performed. Mr. Cassie's overtime wage claim is of an individualized nature, as I am aware of no other security guard claiming he was not paid overtime or working overtime.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed: July 10, 2018
Bronx, New York

_____
VIRGEN RODRIGUEZ

Sworn to before me this 10 day of July, 2018

_____
Notary Public

LENDY A. POLANCO
Notary Public, State of New York
Registration #01PO6329974
Qualified In Bronx County
Commission Expires Sept. 8, 2019