UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ELON CASSIE, individually and on behalf of all
other persons similarly situated,

                                                            17-cv-06587 (LGS)

                      Plaintiff,
          v.

JB SECURITY, INC., and JASON TIRADO, as an
individual,

                      Defendants.
---------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

                                          Respectfully submitted,

                                          TRIVELLA & FORTE, LLP
                                          1311 Mamaroneck Avenue, Suite 170
                                          White Plains, New York 10605
                                          By: Christopher Smith
                                          (914) 949-9075
                                          Facsimile: (914) 949-4752
                                          *Defendants' Attorneys*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..........................................................................................................1

FACTUAL BACKGROUND.............................................................................................................2

    A.  The Parties ...........................................................................................................................2

    B.  Defendants' Alleged Wage and Hour Policy Regarding Overtime ...............................2

    C.  This Action ..........................................................................................................................3

LEGAL ARGUMENT .......................................................................................................................4

  I.  THE COURT SHOULD, RESPECTFULLY, DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.................................................................................................4

    A.    Legal Standard for Class Certification ........................................................................5

    B.    Plaintiffs Proposed Class Fails Because Plaintiff has not Proven Commonality or Typicality ...........................................................................................................................6

    C.    Numerous Issues Regarding Whether Each Security Guard was Suffered or Permitted to Work Will Predominate Over any Generalized Proof Regarding the Proposed Class...................................................................................................................................11

    D.    New York's Six Year Statute of Limitations Bars any Claim Prior to May 1, 2012..12

CONCLUSION.................................................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Basco v. Wal-Mart Stores, Inc.*, 216 F. Supp. 2d 592, 603 (E.D. La. 2002) ................................ 12
*Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) ............................................................ 11
*Di Sabato v. Soffes*, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184 (1959) ............................................... 9
*Eldred v. Comforce Corp.*, 3:08-CV-1171 LEK/DEP, 2010 WL 812698
   (N.D.N.Y. Mar. 2, 2010) ............................................................................................................ 7
*Fernandez v. Wells Fargo Bank, N.A.*, 12 CIV. 7193 PKC, 2013 WL 4540521
   (S.D.N.Y. Aug. 28, 2013) *reconsideration denied*, 12 CIV. 7193 PKC, 2013 WL 5912158
   (S.D.N.Y. Nov. 1, 2013) ........................................................................................................... 12
*Floyd v. City of New York*, 283 F.R.D. 153, 160 (S.D.N.Y. 2012) ................................................. 6
*In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) .......................... 5
*Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) .................................................................. 9
*Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997) .............................................. 7
*Mendez v. U.S. Nonwovens Corp.*, No. CV 12-5583, 2016 WL 1306551, at *1
   (E.D.N.Y. Mar. 31, 2016, Locke, J.) .................................................................................... 5, 11
*Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir.2002) ............................................... 11
*Myers v. Hertz Corp.*, 624 F.3d 537, 547-48 (2d Cir. 2010) ........................................................ 11
*Rand v. Birbrower, Montalbano, Condon & Frank, P.C.*, 149 F. Supp. 2d 96, 98
   (S.D.N.Y. 2001), *aff'd*, 31 F. App'x 748 (2d Cir. 2002) ............................................................ 9
*Romero v. H.B. Auto. Grp., Inc.*, 11 CIV. 386 CM, 2012 WL 1514810
   (S.D.N.Y. May 1, 2012) ........................................................................................................... 10
*Sanchez v. New York Kimchi Catering, Corp.*, 320 F.R.D. 366, 372
   (S.D.N.Y. 2017, Schofield, J.) ........................................................................................... 6, 7, 8
*Sherman v. CLP Res., Inc.*, No. CV 12-8080-GW(PLAX), 2015 WL 13542760, at *4
   (C.D. Cal. June 22, 2015) .......................................................................................................... 4
*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) ............. 1, 6, 10
*White v. W. Beef Properties, Inc.*, No. 07 CV 2345 RJD JMA, 2011 WL 6140512, at *2
   (E.D.N.Y. Dec. 9, 2011) ............................................................................................................ 7
*Zivali v. AT & T Mobility, LLC*, 784 F. Supp. 2d 456, 469 (S.D.N.Y. 2011) .............................. 12

**Statutes**

29 U.S.C. § 207 ................................................................................................................................ 3
Fed. R. Civ. P. 23 .................................................................................................................... 1, 4, 5
N.Y. Comp. Codes R. & Regs. tit. 12, § 146–1.4 ........................................................................... 4
N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.2 ........................................................................... 4
N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.3 ........................................................................... 4
N.Y. Lab. Law § 195 ....................................................................................................................... 4

**PRELIMINARY STATEMENT**

Plaintiff Elon Cassie brings this action under the Fair Labor Standards Acts ("FLSA") and the New York Labor Law ("NYLL") against his former employer, Defendant JB Security, Inc. and its shareholder Jason Tirado (collectively "Defendants").  Plaintiff moves for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure on his New York Labor Law wage and hour overtime claim set forth in his second cause of action.[1]

Plaintiff's motion should be denied as it fails to satisfy the rigorous burden of establishing that Rule 23 class certification is proper.  Specifically, Plaintiff's affidavit is insufficient to establish by a preponderance of the evidence that a company-wide policy of failing to pay security guards overtime existed as required for class certification on Plaintiff's overtime claim. Plaintiff also fails to prove there are common questions of law and fact and workplace policies that are capable of class-wide resolution as required by the United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).  Plaintiff's conclusory affidavit also fails to establish commonality or typicality for a proposed class of security guards who worked for JB Security, Inc. during the six years before the Complaint was filed.[2]

Even assuming Plaintiff could meet his burden under Rule 23 (a), which he cannot, there are numerous individualized issues regarding whether employees were suffered or permitted to work or worked more than 40 hours in a work week that would predominate and would require hundreds of mini-trials such that class certification is not proper.

---

[1] *See* Notice of Motion at Docket No. 55. References to the Court docket are to "Doc. No. #"; see also Doc. No 56-3.

[2] Doc. No. 4.

1

**FACTUAL BACKGROUND**

A. The Parties

JB Security, Inc. is a business corporation providing security guards for commercial construction sites in New York City. *See* Declaration of Vergen Rodriguez, dated July 10, 2018, ("Rodriguez Decl.,") at ¶ 7. Defendant Jason Tirado is JB Security, Inc.'s shareholder.

Plaintiff is a former JB Security, Inc. security guard hired in or around September 2014 who voluntarily ceased his JB Security, Inc. employment in or around October 2017. *Id.*, ¶ 13. Plaintiff worked Monday through Friday, 8 hours each day and received a check for each week he worked paying him for all hours he worked. *Id.*, ¶ 5. Mr. Cassie did not work for JB Security, Inc. more than 40 hours in a work week. *Id.*

B. Defendants' Alleged Wage and Hour Policy Regarding Overtime

With respect to Defendants' alleged overtime policy, Plaintiff speculates, "because we received our pay in the same manner and we talked about it,"[3] JB Security, Inc. had a uniform policy of paying security guards straight time and not the one and one-half rate for hours of work in excess of 40 hours per workweek.[4] Plaintiff refers to eight security guards by first name only, and does not specify who he spoke with or observed.[5] Plaintiff refers to other security guards generally, making a bald, conclusory statement that they were "subject to the same pay practices" but does not state that he spoke with or observed the security guard's work or has personal knowledge of how other JB Security, Inc. security guards were paid.[6]

---

[3] Plaintiff's 4/2/18 Affidavit, ECF filed 6/13/18, Doc. No. 56-3, ¶ 12. Hereinafter "Pl. Aff., ¶ #."
[4] Pl. Aff., ¶¶ 11-14. *See also* Plaintiff's Memorandum of Law in Support of Motion to Certify as a Class Action Pursuant to Federal Rule 23, filed 6/13/18, Doc. No. 57, pp. 7-8. Hereinafter "Pl. Memo., p. #."
[5] Pl. Aff., ¶ 13.
[6] *Id.*, ¶ 14.

Plaintiff's innuendo and speculation is belied by several affidavits from JB Security, Inc. guards and from JB Security, Inc.'s office manager. The security guards all aver they, and other JB Security, Inc. security guards, only work at most 40 hours in a week.[7] The office manager Ms. Rodriguez, with personal knowledge of JB Security, Inc.'s operations including payroll and employee hours, also states JB Security, Inc. guards including Plaintiff all work 40 hours or less in a work week. Rodriguez Affidavit, ¶¶ 6, 10.

JB Security, Inc. currently employs approximately 200 security guards, all of which are hourly employees. Rodriguez Decl., ¶ 10. JB Security, Inc. does not have a uniform wage and hour policy, other than a general policy of requiring that non-exempt employees are compensated at least minimum wage for all hours worked, and to pay at least time and one half the employee's base rate of pay for any overtime work, although there is no security guard overtime work. *Id.*, ¶ 10. JB Security, Inc. security guards typically work at several different construction sites in New York City, and often have different supervisors depending on the construction site. *Id.*, ¶ 12. In October 2017, Mr. Cassie failed to report to work as a security guard and has not returned to work since then. *Id.*, ¶ 13. Plaintiff received more than minimum wage for every hour he worked for JB Security, Inc. *Id.*

### C. This Action

The Complaint alleges one cause of action under the FLSA and three causes of action under the NYLL. The cause of action arising under the FLSA is an alleged failure to pay overtime wages for hours worked in excess of 40 in a work week. 29 U.S.C. § 207(a)(l). The second cause of action arising under NYLL alleges Defendants failed to pay overtime

---

[7] Errol Jones Affidavit, ¶ 7; Dana Williams Affidavit, ¶ 7, Edwin Santos Affidavit, ¶ 7, Jarvis Wilston Affidavit, ¶ 7.

compensation at the lawful rate for hours worked in excess of 40 hours per work week. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146–1.4. The third cause of action arising under NYLL alleges Defendants did not provide wage and hour notices at the beginning of Plaintiff's employment or any time thereafter. *See* N.Y. Lab. Law § 195(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.2. The fourth cause of action arising under NYLL alleges Defendants did not provide Plaintiff with proper wage statements, i.e., paystubs, with each payment of wages. *See* N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.3.

Plaintiff moves for class certification under Rule 23 solely on the NYLL second cause of action, seeking certification for:

> All security guards who are currently or have been employed by the Defendants at JB SECURITY, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of the Complaint.

Pl. Memo., p. 2. Plaintiff's counsel requests appointment as class counsel.

## LEGAL ARGUMENT

### I. THE COURT SHOULD, RESPECTFULLY, DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The Court should deny Plaintiff's motion for class certification since Plaintiff's Declaration in Support of Plaintiff's motion for class certification lacks details sufficient to establish a uniform policy of failing to pay overtime to JB Security, Inc. security guards.[8]

---

[8] While Defendants submit that no class should be certified, at a minimum no class can be certified on behalf of any employee who signed the Employee Handbook as the applicable handbook requires employees to submit any wage and hour claims that accrued at any time to binding arbitration and contains a class action waiver. *See Sherman v. CLP Res., Inc.*, No. CV 12-8080-GW(PLAX), 2015 WL 13542760, at *4 (C.D. Cal. June 22, 2015) (recognizing that purported class members who signed arbitration agreements must be removed from definition of class). Relevant excerpts of the applicable employee handbook are annexed to the Smith Declaration as Ex. A. In the event that a class is certified Defendants will move to dismiss those

*Mendez v. U.S. Nonwovens Corp.,* No. CV 12-5583, 2016 WL 1306551, at *1 (E.D.N.Y. Mar. 31, 2016, Locke, J.) (granting motion to decertify FLSA collective noting that conclusory statements contained in a declaration "lack the kind of precision and detail from which the Court might infer a uniform policy on the part of the …. Defendants to deny compensation to their employees").

Defendants respectfully submit an additional ground to deny Plaintiff's motion is Plaintiff's utter failure to establish the commonality and typicality requirements to certify a class of employees pursuant to Fed. R. Civ. P. 23.

### A. Legal Standard for Class Certification

This Court previously stated the standard for class certification in this context:

> Under Rule 23(a), plaintiffs may sue as a class only if:
>
>> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> A class must also satisfy at least one of the requirements contained in Rule 23(b). Fed. R. Civ. P. 23(b); *see Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015). Here, Plaintiff seeks certification under Rule 23(b)(3), which permits class certification only if (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23 "'does not set forth a mere pleading standard.' Rather, a party must not only 'be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27,

---

claims asserted on behalf of the employees. *See e.g. In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) (noting that time move to compel arbitration is only after a class has been certified).

> 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (*quoting Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011)). This requires a "rigorous analysis" that "frequently entail[s] overlap with the merits of the plaintiff's underlying claim." *Roach*, 778 F.3d at 407 (quoting Comcast, 133 S.Ct. at 1432). The plaintiff must establish by a preponderance of the evidence that each of Rule 23's requirements is met. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 264 (2d Cir. 2016).

*Sanchez v. New York Kimchi Catering, Corp.*, 320 F.R.D. 366, 372 (S.D.N.Y. 2017, Schofield, J.) (emphasis in original) (refusing to certify a class in a NYLL action for failure to prove typicality and commonality, noting "conclusory statements cannot sustain his assertion of a [company]-wide policy …"); *see also Floyd v. City of New York*, 283 F.R.D. 153, 160 (S.D.N.Y. 2012) (internal quotations and citations omitted).

### B. Plaintiffs Proposed Class Fails Because Plaintiff has not Proven Commonality or Typicality

As explained by the United States Supreme Court, to satisfy the commonality requirement, it is not sufficient for Plaintiff to put forth a series of allegedly common questions, "but, rather the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (emphasis supplied). The Plaintiff's "claims must depend upon a common contention …[t]hat common contention, moreover, must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "The commonality and typicality requirements tend to merge into one another as both seek to ensure that the named Plaintiff's claims are closely interrelated to those of the class…. The typicality requirement, on the other hand, is satisfied when each class member's claim arises from the same course of events, and each class member will make similar arguments to prove a defendant's liability." *Eldred v. Comforce Corp.*, 3:08-CV-1171

6

LEK/DEP, 2010 WL 812698 (N.D.N.Y. Mar. 2, 2010) (*citing Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997)).  As one District Court opined:

> *Wal–Mart* unequivocally instructs district courts that "[w]hat matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation." 131 S.Ct. at 2551 (internal quotation and citation omitted) (emphasis in original). Therefore, in order for there to be a legitimate "cause to believe that all [of a proposed class's] claims can productively be litigated at once," not only must those claims "depend upon a common contention," *id.*, at 2551, but "[t]hat common contention ... must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that it central to the validity of each one of the claims in one stroke." Id. (emphasis added).

*White v. W. Beef Properties, Inc.*, No. 07 CV 2345 RJD JMA, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011).  This Court opined:

> Courts have found that commonality and typicality may be satisfied if the plaintiff offers sufficient proof that the defendant had either an explicit or *de facto* class-wide unlawful labor policy or practice. *See, e.g.*, *Masoud v. 1285 Bakery Inc.*, No. 15 Civ. 7414, 2017 WL 448955, at *5 (S.D.N.Y. Jan. 26, 2017); *Rivera v. Harvest Bakery Inc.*, 312 F.R.D. 254, 269–72 (E.D.N.Y. 2016) (noting that if "a plaintiff provides proof of a common policy or practice on the part of the defendant to underpay its workers, courts frequently find typicality to be satisfied for largely the same reasons that they find commonality to be satisfied").

*Sanchez*, 320 F.R.D. at 372–73.

For the overtime claim, which alleges JB Security, Inc. has a policy of paying the regular hourly rate for all hours worked by security guards and for failing to pay an overtime rate for hours worked by security guards in excess of forty in a work week, the only evidence Plaintiff adduces is his own affidavit.  Plaintiff's affidavit is of minimal value in this case.  Plaintiff, who worked in a limited number of buildings as a security guard from 2014 to 2017, opines broadly that—based on his own experience and conversations with a few other employees—security

7

guards were required to work in excess of forty hours in a work week and not paid an overtime rate for those hours. Plaintiff does not testify regarding who or what he personally observed. He also does not identify to whom he spoke, when he spoke to them, or what was discussed regarding wages and hours. Plaintiff's affidavit is also limited temporally to 2014 to October 2017.

The conclusory statements in Plaintiff's affidavit cannot sustain Plaintiff's assertion of a company-wide policy of refusing to pay overtime dating back to 2011. Plaintiff's affidavit is this insufficient to show by a preponderance of the evidence either an explicit or *de facto* company-wide policy of paying regular hourly rate instead of overtime rate to JB Security, Inc. security guards. The Plaintiff also fails to offer any documentary evidence of Defendants' compensation policies. *See Sanchez*, 320 F.R.D. at 373 ("Plaintiff's sole declaration is of minimal value in this case. Plaintiff, who worked in a single position, opines broadly that—based on his own experience and 'personal observations and conversations with other employees'—all other non-managerial employees were paid regular hourly rates rather than an overtime rate. Plaintiff, however, does not testify regarding who or what he personally observed. He also does not identify to whom he spoke or when he spoke to them. These conclusory statements cannot sustain his assertion of a [company]-wide policy dating back to 2010").

Assuming *arguendo* this Court disagreed, the Defendants here have rebutted Plaintiff's proffer and have established, by a preponderance of the evidence, in the form of affidavits from a sampling of the Defendants' security guards and the Defendants' office manager, that JB Security, Inc. security guards do not work in excess of forty hours in a work week and are not denied overtime pay as a policy or otherwise. The security guard affidavits attached to Defendants' opposition papers are from individuals that, upon information and belief, Plaintiff

8

refers to in his Affidavit. These security guards flatly contradict Plaintiff's class overtime claims. The guards state that they do not work hours in excess of forty in a given work week and they are not owed any overtime.

Plaintiff's counsel's bald, unsubstantiated, conclusory statement that "Plaintiffs claims are typical of the claims of the class insofar as all were subject to Defendant's practice of failing to pay time-and-a-half for hours worked in excess of forty on a weekly basis, all class members will have the same legal claims and none are subject to any individual defenses"[9] is unsupported by Plaintiff's affidavit, not made on personal knowledge, and does nothing to advance Plaintiff's argument. *Rand v. Birbrower, Montalbano, Condon & Frank, P.C.*, 149 F. Supp. 2d 96, 98 (S.D.N.Y. 2001), *aff'd*, 31 F. App'x 748 (2d Cir. 2002) (finding attorney affidavit without personal knowledge opposing summary judgment of no probative value); *Di Sabato v. Soffes*, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184 (1959) (An affidavit opposing summary judgment by an attorney without personal knowledge of the facts has no probative value and should be disregarded; *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). ("An attorney's unsworn statements in a brief are not evidence"). In any event, this statement is a legal conclusion couched as a factual allegation that the Court need not credit. The dearth of evidence Plaintiff submits, consisting only of his own self-serving statement of when he worked and his conjecture as to what hours and pay other security guards received, does nothing to satisfy Plaintiff's burden to prove, by a preponderance of the evidence, a uniform policy of refusing to pay overtime.

Even assuming, *arguendo*, the Plaintiff could establish a common policy of JB Security, Inc. security guards working in excess of forty hours in a work week without paying time and one half their base rate of pay, which Plaintiff cannot, for class certification it is not sufficient for

---

[9] Pl. Memo., p. 7.

9

Plaintiff to merely identify a common policy, Plaintiff must establish that the common policy "must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that it central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. Plaintiff attempts to meet this burden by making a conclusory allegation that other guards were denied overtime. Plaintiff does not allege that the truth or falsity of that allegation is capable of resolution in one stroke for the proposed class which is fatal to this motion.

Additionally, Plaintiff would be an inappropriate class representative for these security guards as Plaintiff's claims are not typical of these security guards who state they never worked in excess of forty hours in a work week. Plaintiff's claims are in conflict with other security guards claims they were paid properly. Plaintiff is also not similarly situated to other security guards as: (1) Plaintiff no longer works at JB Security, Inc., (2) each guard has a different supervisor depending on the building the guard works, and (3) the security guards rotate over several buildings. This shows a lack of commonality between Plaintiff's overtime claims and any wage claim JB Security, Inc. guards may have. As such, certifying a class of employees in this action will not "resolve an issue that is central to the validity of …. the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350; *Romero v. H.B. Auto. Grp., Inc.*, 11 CIV. 386 CM, 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ( "whether Defendants failed to pay overtime and minimum wage in violation of the NYLL—are important considerations in this case. But "they are not common one[s]"); Courts have denied a motion for class certification where, as here:

> [R]esolving the employees' claims would require the Court to conduct individual inquiries for each class member to determine the hours he or she legitimately worked and whether he or she was paid appropriate compensation. Such individual determinations suggest a lack of commonality and render a class action inappropriate.

*Mendez*, 312 F.R.D. at 97 (brackets added).  Certifying a class in this action will require the Court to conduct similar individual inquiries. Because the JB Security, Inc. guards Plaintiff cites to in his affidavit state they have been paid for any wages they are owed and never work overtime, this Court should, respectfully, conclude that Plaintiff has failed to satisfy his burden of establishing by a preponderance of the evidence commonality and typicality between his claims and the claims of the proposed class.

### C. Numerous Issues Regarding Whether Each Security Guard was Suffered or Permitted to Work Will Predominate Over any Generalized Proof Regarding the Proposed Class

Plaintiff cannot establish that he satisfies Rule 23(b)'s predominance requirement. "The predominance requirement of Rule 23(b)(3) tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Myers v. Hertz Corp.*, 624 F.3d 537, 547-48 (2d Cir. 2010).  The requirement is satisfied only "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  The Supreme Court has made clear that the same "rigorous analysis" required of Rule 23(a)'s commonality requirement also applies to Rule 23(b)(3)'s predominance requirement. *See Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) ("If anything Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)"). As set forth herein, the Plaintiff has not established the proposed class members' claims are subject to any generalized proof.  The individual inquiries into whether proposed class members were suffered or permitted to work in any given work week in excess of 40 hours, their rate of pay for the hours in excess of

40 in a work week, will dominate this matter. A review of affidavits submitted by Defendants makes clear that:

> Resolution of the many fact-specific issues in this case would essentially require … mini-trials in which each individual plaintiff could present evidence that he or she in fact failed to receive proper overtime compensation—evidence that would then be subject to cross-examination and similar challenge by the defendant. "Such a result is the antithesis of collective action treatment and would overwhelm the judicial system and eliminate any judicial efficiency that might be gained through a collective approach." *Hinojos v. Home Depot, Inc.*, No. 2:06–CV–00108, 2006 WL 3712944, at *3 (D. Nev. Dec. 1, 2006).

*Zivali v. AT & T Mobility, LLC*, 784 F. Supp. 2d 456, 469 (S.D.N.Y. 2011) (ellipsis added) (decertifying FLSA off the clock collective action). As such, the Court should deny the motion for class certification. *See Fernandez v. Wells Fargo Bank, N.A.*, 12 CIV. 7193 PKC, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013), *reconsideration denied*, 12 CIV. 7193 PKC, 2013 WL 5912158 (S.D.N.Y. Nov. 1, 2013); *Basco v. Wal-Mart Stores, Inc.*, 216 F. Supp. 2d 592, 603 (E.D. La. 2002) (declining to certify Rule 23 class as "individualized issues will arise from the myriad of possibilities that could be offered to explain why any one of the plaintiffs worked off-the-clock").

### D. New York's Six Year Statute of Limitations Bars any Claim Prior to May 1, 2012

Plaintiff is barred by New York's six-year statute of limitations from seeking any class relief prior to May 1, 2012. Plaintiff filed his Amended Complaint on May 1, 2018.[10] The class causes of action do not relate back to the filing of the Complaint on September 5, 2017, since the

---

[10] Doc. No. 40.

Complaint only alleged causes of action and damages for Plaintiff and not for any class or collective.

## **CONCLUSION**

For the reasons set forth *supra*, the Court should, respectfully, deny the motion for class certification in its entirety, together with awarding the Defendants their costs and attorneys' fees in opposing the motion and such other relief the Court deems proper.

Dated: White Plains, NY
       July 11, 2018

                                Respectfully submitted,

                                TRIVELLA & FORTE, LLP

                                ___*/s/ Christopher Smith*_____
                                By:  Christopher Smith
                                *Defendants' Attorneys*
                                1311 Mamaroneck Avenue, Suite 170
                                White Plains, New York 10605
                                (914) 949-9075