```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ELON CASSIE,                                                 :
                                       Plaintiff,            :
                                                             :   17 Civ. 6587 (LGS)
              -against-                                      :
                                                             :
JB SECURITY, et al.,                                         :
                                       Defendants.           :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Elon Cassie brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against his former employer, Defendant JB Security and its owner, Jason Tirado.  Plaintiff moves for class certification on his claims arising under FLSA and NYLL pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), alleging that JB Security had a common policy of paying the regular hourly rate for overtime work;

WHEREAS, Plaintiff defines the putative class as follows: "All security guards who are currently or have been employed by the Defendants at JB Security, Inc., and who worked greater than 40 hours per week without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their consent forms (from 2012-2018)" (the "Proposed Class");

WHEREAS, Under Rule 23(a), plaintiffs may sue as a class only if:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) permits class certification only if (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class

action is superior to other available methods for fairly and efficiently adjudicating the controversy."

WHEREAS, the proposed class does not meet the Rule 23(b) requirements of predominance and superiority because it is a so-called "fail-safe" class -- i.e., it "begs the liability question and is defined circularly" to require that class members have suffered legal injury.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 546 (S.D.N.Y. 2018).  Because liability must be determined to ascertain whether an individual is a class member, the proposed class does not meet the predominance and superiority requirements.  With respect to predominance, the individual question of whether each security guard belongs in the class predominates over the common question of whether Defendants had a company-wide policy of refusing to pay overtime wages.  *See id.* at 546.  With respect to superiority, the need for individualized determinations of liability defeat any efficiency to be gained from using the class mechanism.  *See Ruiz v. Citibank, N.A.,* No. 10 Civ. 5950, 2015 WL 4629444, at *7 (S.D.N.Y. Aug. 4, 2015).

WHEREAS, although courts have discretion to modify an improper class, *see, e.g., In re LIBOR*, 299 F. Supp. 3d at 546, modification would be futile here.  Defining the class as "all employees who worked as security guards at JB Security" (the "Modified Class") does not save Plaintiff's class certification motion because Plaintiff has not established by a preponderance of the evidence that the Modified Class would meet the commonality and typicality requirements of Rule 23(a).  Although courts have found that commonality and typicality may be satisfied if the plaintiff offers sufficient proof that the defendant had either an explicit or *de facto* class-wide unlawful labor policy or practice, *see, e.g., Masoud v. 1285 Bakery Inc.*, No. 15 Civ. 7414, 2017 WL 448955, at *5 (S.D.N.Y. Jan. 26, 2017), the only evidence Plaintiff presents is his own

declaration and deposition testimony.  In his deposition, Plaintiff stated that three employees told him that they received only regular pay for overtime work.  But when these employees were deposed, they denied having ever worked overtime.  This is insufficient to show by a preponderance of the evidence either an explicit or *de facto* company-wide policy of paying employees the regular hourly rate instead of the overtime rate.  For the foregoing reasons, it is hereby

    **ORDERED** the Plaintiff's motion for class certification is DENIED.

Dated: November 16, 2018
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**