UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ELON CASSIE, individually and on behalf of all
other persons similarly situated,

                                                       17-cv-06587 (LGS)

                Plaintiff,

       v.

JB SECURITY, INC., and JASON TIRADO, as an
individual,

               Defendants.
----------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE SEEKING AN ORDER
PRECLUDING EVIDENCE RELATING TO PLAINTIFF'S
<u>PAYMENT OR NON-PAYMENT OF TAXES</u>**


                                    Respectfully submitted,


                                    TRIVELLA & FORTE, LLP
                                    1311 Mamaroneck Avenue, Suite 170
                                    White Plains, New York 10605
                                    By: Christopher Smith
                                    (914) 949-9075
                                    Facsimile: (914) 949-4752
                                    *Defendants' Attorneys*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i
TABLE OF AUTHORITIES ...................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
LEGAL ARGUMENT ................................................................................................................. 3
   I.   *Tax Returns and Tax Information Evidence are Relevant and Admissible* ......................... 3
   II.  *Plaintiff's Cite to Inapposite Legal Precedent* ................................................................. 8
CONCLUSION .......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190 (S.D.N.Y. 2006) .......................... 8
*Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) .................................... 6
*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ....................... 6, 7
*Chavez v. Arancedo*, No. 17-20003-CIV, 2018 WL 4627302, at *3–4 (S.D. Fla. Sept. 26, 2018) 7
*Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) .................................................................. 5, 6
*D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120 JG RER, 2012 WL 6138481, at *2 (E.D.N.Y. Dec. 11, 2012) ........................................................................................................ 9
*Francois v. Mazer*, No. 09 CIV. 3275 KBF, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) 8
*Galindo v. Vanity Fair Cleaners*, No. 09-CIV-6990 KBF, 2012 WL 2510278, at *1 (S.D.N.Y. June 29, 2012) ........................................................................................................................ 8
*Mischalski v. Ford Motor Co.,* 935 F.Supp. 203, 208 (E.D.N.Y.1996) ...................................... 6, 7
*Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) ............... 6
*Rengifo v. Erevos Enterprises, Inc.*, No. 06 CIV. 4266 SHS RLE, 2007 WL 894376, at *2 (S.D.N.Y. Mar. 20, 2007) ....................................................................................................... 8
*Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2 (S.D. Fla. July 12, 2010) ........... 7
*Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191 (S.D.N.Y. 2002) ................................. 9

**Rules**

Fed. R. Evid. 402 ........................................................................................................................... 4
Fed. R. Evid. 608 ................................................................................................................... 4, 5, 6
Fed. R. Evid. 611(b) ....................................................................................................................... 6

**PRELIMINARY STATEMENT**

Defendants, JB Security, Inc. and Jason Tirado (collectively "Defendants") submit this Memorandum of Law in opposition to the Plaintiff's Motion *In Limine* Seeking An Order Precluding Evidence Relating to Plaintiff's Payment or Non-Payment of Taxes dated January 4, 2019 (ECF No. 116).[1] Plaintiff is requesting an order enjoining Defendants from "eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or otherwise involves Plaintiffs payment or non-payment of taxes at any point during his employment for Defendants or otherwise and whether Plaintiff filed taxes during his employment for Defendants or otherwise."[2] This Court, respectfully, should deny the motion.

Plaintiff's testimony regarding whether Plaintiff follows the law by filing or paying taxes and the information on his tax returns is relevant and necessary for the jury to evaluate the Plaintiff's creditability and to substantively evaluate Plaintiff's claims. This case turns on the credibility of the Plaintiff and other witnesses, with the parties diametrically opposed on whether the Plaintiff worked for the Defendant JB Security, Inc. on weekends when he was previously employed by JB Security, Inc. Specifically, Plaintiff claims he worked 40 hours a week Monday through Friday (for which he concedes he was properly compensated) and [3]then every hour on the weekend every weekend from September 2014 until he ceased his employment September 2017, for an additional 44 hours per week every weekend for those 156 weeks.[4] Defendants state Plaintiff only worked Monday through Friday each week during his JB Security, Inc.

---

[1] References to "Plaintiff's Memorandum, p. #" refer to ECF No. 116.
[2] Plaintiff's Memorandum, p. 2.
[3] *See* Cassie Deposition, p. 20, ll. 12-15 at Exhibit A to Smith Declaration.
[4] *See* Plaintiff's calculation of damages sheet attached at Exhibit B to the Smith Declaration, which Plaintiff attached to Plaintiff's responses to Defendants' First Demand for the Production of Documents dated April 2, 2018.

employment, and deny Plaintiff worked for JB Security, Inc. on the weekends Plaintiff claims he worked.

The jury, in evaluating the credibility of the Plaintiff, is entitled to hear evidence regarding whether the Plaintiff pays taxes or files or accurately reports his taxes, including reviewing the tax filing contents. The jury is entitled to review Plaintiff's tax returns, if they exist, to determine if the amount Plaintiff claims he received from JB Security, Inc. in wages matches the amount of wages reported on his return. The nonpayment of or failure to file taxes, or inaccurate reporting of income, if it occurred, is a dishonest act which goes to the Plaintiff's credibility and truthfulness. References to the returns may be proper for substantive reasons and for impeachment purposes.

Defendants request the Court deny Plaintiff's motion and overrule Plaintiff's objection to the Defendants' eliciting testimony from the Plaintiff and introduce into evidence Plaintiff's tax returns to the jury regarding whether Plaintiff files tax returns and pays his taxes. Defendant should also be allowed, if applicable, to elicit testimony from the Plaintiff on the reason he gives for nonfiling/nonpayment.  In the alternative, the Defendants request the Court deny Plaintiff's motion as premature, preserving the parties' right to seek introduction of the tax testimony and records and raise any objections at trial, together with such other and further relief the Court deems proper.

Counsel have conferred in good faith and have been unable to resolve this dispute. Notably, Plaintiff requested of Defendants to stipulate to not introduce evidence related to: (1) Plaintiff's immigration status; (2) Plaintiff's citizenship status; (3) Whether Plaintiff's possess a Tax ID Number or SSN; (4) Plaintiff's payment or non-payment of taxes; and (5) Plaintiff's filing of tax returns. Defendants have, in good-faith, agreed to stipulate to items (1) through (3)

above, but for the reasons set forth herein, will not agree to items (4) and (5) as evidence on those issues are relevant and bear directly on Plaintiff's creditability which will be a salient issue at the time of trial.

## **LEGAL ARGUMENT**

    *I.*       ***Tax Returns and Tax Information Evidence are Relevant and Admissible***

The Court should deny Plaintiff's motion to preclude trial evidence and testimony related to Plaintiff's filing and payment (or non-payment) of taxes. Defendant had previously moved to compel production of Plaintiff's taxes records which was opposed by Plaintiff and denied by the Court "without prejudice to renewal at a later time upon a showing that other avenues of discovery are inadequate. *See* ECF No. 54.[5] Plaintiff's filing of the instant motion, coupled with its prior opposition to the motion to compel, indicates a concern relating to the possibility Plaintiff with did not file taxes, did not accurately report earning (or did accurately report earning reflecting he did not work the weekends as claimed herein) or failed to pay taxes. Such evidence is relevant in this action both substantively, to show if Plaintiff reported the excess hours he claims he worked, and for impeachment purposes as the failure to file or pay taxes has a direct bearing on Plaintiff's creditability, which will be a central, if not controlling, issue at trial.

---

[5] At Mr. Cassie's deposition he stated he had tax "records" for the first year he commenced working with JB Security, Inc. and mentioned "my tax return papers". *See* Cassie Deposition, p. 13, ll. 21-22 at Exhibit A to Smith Declaration. To date no tax returns have been produced and Plaintiff has never authorized this office to subpoena the records from the Internal Revenue Service. A jury should be allowed to review any evidence regarding tax filing and reporting.

**The Taxes Records Are Substantively Probative**

The tax returns, if they exist, are probative as substantive evidence in this action. Plaintiff previously submitted a calculation of damages where he concedes he was paid properly for his Monday through Friday work for the Defendant JB Security, Inc.  The crux of Plaintiff's claim is that in addition to his Monday through Friday work week, he worked every hour of every weekend for three years while he was employed by JB Security, Inc., received checks for his weekday work and cash payments for his weekend work at straight time, and never was paid overtime for his weekend work.[6]  Defendants submitted sworn testimony that they employed Plaintiff only Monday through Friday, paid him pursuant to the law for those hours, and never employed him on the weekends. Hypothetically, if the tax returns exist and certify to the IRS only income lesser than or equal to Plaintiff's pay from JB Security, Inc. for that period (all of JB's paystubs to the Plaintiff demonstrate only Monday through Friday work), or if the returns show additional income from another source that establishes Plaintiff worked on the weekend for that source rather than for JB Security, Inc., that would be highly probative and used for the substantive purpose to establish that Plaintiff did not work the weekends or the number of hours Plaintiff claims he worked for JB Security, Inc.  Fed. R. Evid. 402.

**Whether Plaintiff Filed Taxes, Paid Taxes and the Amount Reported is Probative Impeachment Evidence**

Tax returns and testimony, or evidence a party failed to file tax returns, may be used to impeach Plaintiff and disprove a Plaintiff's claim regarding whether he received proper wages. This evidence is probative of truthfulness and admissible pursuant to Fed. R. Evid. 608(b). The use of tax returns to impeach is permitted when a party underreports taxes, files false tax returns,

---

[6] Cassie Deposition, p. 13, ll. 21-22 at Exhibit A to Smith Declaration.

or altogether fails to pay taxes or file returns. Assuming Plaintiff did file taxes, if he reported only income from his Monday through Friday work week, same would prove that he did not work weekends as claimed, or otherwise falsely reported his income to the IRS and State Authorities.

This Court should, respectfully, adopt the reasoning of the Second Circuit Court of Appeals, finding evidence on tax returns of false statements and the total failure to file returns admissible to impeach and concerning the witness's character or truthfulness:

> Fed. R. Evid. 611(b) provides, in pertinent part, that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Fed. R. Evid. 608(b) implements this by providing that specific instances of misconduct "may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness...." Evidence that a witness has made false statements in a tax return is obviously a matter which affects the witness's credibility. *See, e.g., United States v. Sullivan,* 803 F.2d 87, 90–91 (3d Cir.1986), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 889, 93 L.Ed.2d 841 (1987); *United States v. Zandi,* 769 F.2d 229, 236 (4th Cir.1985); *see also United States v. Singer,* 241 F.2d 717, 717 (2d Cir.1957) (holding, before the advent of the Federal Rules of Evidence, that the "use [of a tax return], for the purpose of impeachment, was proper."). The total failure to file tax returns for a period of eight years should be similarly admissible on the issue of her truthfulness, subject to the discretionary considerations in Rules 403 and 608(b).

*Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993)(overruling District Court exclusion of tax testimony and evidence).

Chief United States District Court Judge McMahon has also opined tax records and testimony are admissible for impeachment purposes:

> Plaintiff seeks to exclude evidence that she did not pay income taxes over the course of several years on the money she earned as an escort, and in her private manicure/pedicure business.
>
> Fed. R. Evid. 611(b) provides, in pertinent part, that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Fed. R. Evid. 608(b) implements this by providing that specific instances of misconduct "may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness...." Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility. *Chnapkova v. Koh,* 985 F.2d 79, 82 (2d Cir.1993); *Mischalski v. Ford Motor Co.,* 935 F.Supp. 203, 208 (E.D.N.Y.1996) (noting that failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand."). In *Chnapkova,* the Second Circuit held that because the plaintiff's credibility was of such crucial importance, and because her failure to file tax returns bore directly on her credibility, the district court's decision to exclude testimony regarding that failure was an abuse of discretion. *Id.* at 82. It held that the total failure to file tax returns for a period of eight years was admissible on the issue of her truthfulness. *Id.*
>
> Plaintiff's testimony in the case at bar will be extraordinarily important, and evidence of her failure to pay taxes is admissible. It bears directly on her propensity for truthfulness and will be admitted for impeachment purposes if plaintiff takes the stand, as I anticipate she will.

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001).

Persuasive authority also exists where a federal court denied plaintiff employee's motion to exclude evidence of plaintiff's payment or nonpayment of income taxes in a Fair Labor Standards Act action:

> Courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b).[2] *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011); *Palma*, 2011 WL 6030073, at *1; *Chamblee v. Harris & Harris, Inc.*, 154

6

F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."). Because the question of whether Plaintiff paid federal income taxes is allowed for impeachment purposes under the Federal Rules of Evidence and it relates to Plaintiff's status as an employee or independent contractor, Defendant concludes that this inquiry should be allowed given the facts of this case.

After a thorough review of the arguments presented, we agree with Defendant that whether or not Plaintiff paid federal income taxes is allowed for impeachment purposes because it is probative of Plaintiff's character for truthfulness. *See Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2 (S.D. Fla. July 12, 2010) ("If Plaintiff never paid taxes, that too, may be probative of his truthfulness.") (citing *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."); *Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.") ); *see also Tapia,* 2013 WL 12198827, at *1 ("Plaintiff seeks to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes.").

While Plaintiff claims that questions on her federal income taxes may be prejudicial, that argument is unpersuasive because impeachment evidence is by definition prejudicial. The only question is whether the probative value is outweighed by the danger of unfair prejudice and we conclude that it is not. For example, consistent with our Order on Defendant's motion in limine [D.E. 98], Plaintiff is entitled for impeachment purposes to attack the truthfulness of Defendant when the latter failed to complete all the required information on her federal income taxes. The same holds true for Defendant in undermining Plaintiff's credibility to the extent the latter failed to file her income taxes. In other words, impeachment evidence cuts both ways and it is the role of the jury to make the appropriate credibility determinations. Therefore, Plaintiff's motion to exclude any evidence of her payment or nonpayment of federal income taxes is DENIED.

*Chavez v. Arancedo*, No. 17-20003-CIV, 2018 WL 4627302, at *3–4 (S.D. Fla. Sept. 26, 2018).

Here, the tax returns and related testimony are crucial pieces of evidence for the central dispute in this case, to wit, the number of hours that Plaintiffs worked for JB Security, Inc. and the wages he received from the JB Security, Inc. as a security guard.  Plaintiff claims to have worked 88 hours per week. Defendants maintain Plaintiff could not, and did not, work 88 hours per week for JB Security, Inc.

The tax returns should be admitted for the substantive purposes of disputing the claimed hours. Any testimony regarding Plaintiff's failure to file returns should also be admitted for truthfulness and impeachment purposes.

## II.     Plaintiff's Cite to Inapposite Legal Precedent

Plaintiff's cite to the District Court case *Galindo v. Vanity Fair Cleaners*, No. 09-CIV-6990 KBF, 2012 WL 2510278, at *1 (S.D.N.Y. June 29, 2012), where the District Court excluded testimony of whether the Plaintiff paid taxes as an improper attempt to introduce immigration status and for Defendants to prove "if they had withheld taxes on plaintiffs' compensation, they would not be in violation of the FLSA or NYLL." *Id.* at *4. This Court, respectfully, should reject the *Galindo* reasoning as inapposite since Defendants in the instant action are not seeking to introduce tax testimony/returns for the purpose of establishing immigration status or whether Defendants withheld taxes from Plaintiff's pay, but for impeachment purposes for the jury to weigh truthfulness and credibility. Any concern for an improper immigration status inference from any failure to file tax returns can be addressed with an appropriate jury instruction.

Plaintiff's citations[7] to *Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190 (S.D.N.Y. 2006), *Francois v. Mazer*, No. 09 CIV. 3275 KBF, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012), *Rengifo v. Erevos Enterprises, Inc.*, No. 06 CIV. 4266 SHS RLE, 2007 WL 894376, at *2 (S.D.N.Y. Mar. 20, 2007) and *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191 (S.D.N.Y. 2002) also miss the mark. Those cases had nothing to do with excluding tax testimony. The Court excluded immigration status inquiries. The parties in the instant action have already stipulated not to inquire into immigration status.

*D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120 JG RER, 2012 WL 6138481, at *2 (E.D.N.Y. Dec. 11, 2012) is inapposite. In *D'Arpa* the Court held plaintiff employee's tax return production was not required because the information sought was in the employer's records. In the instant action the information sought, whether tax forms were filed and whether Plaintiff has alternative sources of income or only reported weekday JB Security, Inc. income, is relevant to impeach Plaintiff's testimony he worked and was not paid on weekends. This information is not in the Defendant employer's records as the Defendant claims Plaintiff did not work weekends.

---

[7] Plaintiff's Memorandum, p. 4.

## **CONCLUSION**

For the reasons set forth *supra*, the Court should, respectfully, deny the Plaintiff's motion in its entirety, together with awarding the Defendants such other relief the Court deems proper.

White Plains, New York
January 14, 2019

                Respectfully submitted,

                TRIVELLA & FORTE, LLP

                */s/Christopher Smith*_____
                By:  Christopher Smith
                *Defendants' Attorneys*
                1311 Mamaroneck Avenue, Suite 170
                White Plains, New York 10605
                (914) 949-9075