# TRIVELLA & FORTE, LLP
**ATTORNEYS AT LAW**
1311 MAMARONECK AVENUE
SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075
FACSIMILE (914) 949-4752

February 21, 2019

<u>VIA ECF:</u>

Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street New York, New York 10007

Re:   *Cassie v. JB Security Inc. and Jason Tirado*
      Case No. 17-CV-06587-(DCF)
      Defendants' Supplemental Briefing Opposing Plaintiff's Motion *In Limine* Seeking An Order Precluding Evidence Relating to Plaintiff's Payment or Non-Payment of Taxes (ECF No. 115)

Dear Magistrate Judge Freeman:

This office represents the Defendants JB Security Inc. and Jason Tirado. Defendants write, pursuant to the prior conference call with the Court, to provide the Court with additional briefing in opposition to Plaintiff's motion to preclude evidence relating to Plaintiff's tax payments, presumably also seeking to preclude evidence on the filing of tax returns/false returns/non-reporting of income. As set forth in detail in Defendants' Memorandum of Law in Opposition to the Plaintiff's Motion *In Limine* Seeking An Order Precluding Evidence Relating to Plaintiff's Payment or Non-Payment of Taxes dated January 4, 2019 (ECF No. 119), Defendant submits the payment or nonpayment of taxes, or the failure to file taxes/filing false returns/report income, is relevant and admissible, as it directly relates to Plaintiff's credibility, which will be of critical importance at trial.

It is assumed, for purposes of this briefing, that: (1) Plaintiff is an illegal/unlawful immigrant; and (2) Plaintiff failed to report income and pay income taxes or file returns and will claim the reason for not doing so is his immigration status. We note, however, Plaintiff has made no proffer that these are the actual facts of this case, and absent such proffer, the Court, respectfully, should not assume such facts to exist in deciding the motion. As noted below, even if these facts are true, Courts, in deciding similar motions in FLSA cases, have continually and persistently held that the failure to report and pay income taxes is relevant to a witness's credibility once Plaintiff takes the stand to provide testimony (F.R.E. 611), and it is an abuse of discretion to preclude the Defendant from inquiring about tax payments or tax filings on cross-examination of the Plaintiff. *See* Fed. R. Civ. P. 403 and 608(b).

Hon. Debra C. Freeman
February 21, 2019
Page 2 of 6.

For example in *Barrera v. Weiss & Woolrich S. Enterprises, Inc.*, No. 09-21841-CIV, 2011 WL 13174761 (S.D. Fla. Jan. 27, 2011), a FLSA case, the plaintiff moved to preclude testimony regarding immigration status, and whether plaintiff filed and paid taxes. *Id*. at *2. The Florida Court granted the part of plaintiff's motion seeking to preclude evidence concerning the plaintiff's immigration status (the parties in this action have already stipulated to not introduce immigration status evidence). The Florida Court denied the plaintiff's motion to preclude evidence regarding the plaintiff's "failure to file and the filing of false tax returns", opining "such information is probative of Plaintiffs' truthfulness and is therefore admissible pursuant to F.R.E. 608(b) (*see Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001))." *Barrera*, 2011 WL 13174761, at *2. The Florida Court further denied the plaintiff's motion to preclude evidence regarding the "reference to nonpayment of income taxes", opining "Plaintiffs failure to pay federal income taxes is admissible as it is probative of truthfulness." *Id.* The Court also opined "Plaintiffs failure to file tax returns is admissible for impeachment purposes only, any inference to Plaintiffs' immigration status is inadmissible." *Id.* The Florida Court therefore allowed cross-examination on failing to file tax returns, filing false tax returns, and reference to the nonpayment of income taxes notwithstanding the possibility the witness might give his immigration status as the reason for not filing returns and nonpayment of taxes. The Florida Court held the defendant's right to inquire into plaintiff's truthfulness on cross-examination outweighed any prejudice to plaintiff if plaintiff's response gave information to the fact finder regarding plaintiff's immigration status. Defendants respectfully request this Court adopt the same reasoning and allow Defendants to inquire on cross examination whether Plaintiff paid federal taxes and reported income and, if necessary, impeach the Plaintiff's testimony by allowing questioning on Plaintiff's failure to file tax returns or filing false returns.

*Chamblee*, *supra*, a Southern District of New York case relied on by the Florida Court, alleged Title VII of the Civil Rights Act and New York State Human Rights Law violations. In *Chamblee*, the Southern District New York Court, Chief Judge McMahon, opined:

> Fed. R. Evid. 611(b) provides, in pertinent part, that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Fed. R. Evid. 608(b) implements this by providing that specific instances of misconduct "may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness...." Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility. *Chnapkova v. Koh,* 985 F.2d 79, 82 (2d Cir.1993); *Mischalski v. Ford Motor Co.,* 935 F. Supp. 203, 208 (E.D.N.Y.1996) (noting that failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand."). In *Chnapkova,* the Second Circuit held that because the plaintiff's credibility was of such crucial importance, and because her failure to file tax returns bore directly on her credibility, the district court's


Hon. Debra C. Freeman
February 21, 2019
Page 3 of 6.

> decision to exclude testimony regarding that failure was an abuse of discretion. *Id.* at 82. It held that the total failure to file tax returns for a period of eight years was admissible on the issue of her truthfulness. *Id.*
>
> Plaintiff's testimony in the case at bar will be extraordinarily important, and evidence of her failure to pay taxes is admissible. It bears directly on her propensity for truthfulness, and will be admitted for impeachment purposes if plaintiff takes the stand, as I anticipate she will.

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d at 681. In so holding, Judge McMahon relied on the Second Circuit Court of Appeals binding precedent that:

> The total failure to file tax returns for a period of eight years should be similarly admissible on the issue of her truthfulness, subject to the discretionary considerations in Rules 403 and 608(b).
>
> Because the plaintiff's credibility in this unusual case was of such crucial importance, and because her failure to file tax returns bore directly on her credibility, the district court's decision to exclude testimony regarding that failure was an abuse of discretion.

*Chnapkova v. Koh*, 985 F.2d 79, 82–83 (2d Cir. 1993). In the instant action the parties are diametrically opposed on the issue of what days of the week and hours Plaintiff worked. Plaintiff's credibility will be of crucial importance. Therefore the Second Circuit Court of Appeals binds this Court to hold Plaintiff's failure to file tax returns is admissible if the Plaintiff takes the stand.

*Chavez v. Arancedo*, No. 17-20003-CIV, 2018 WL 4627302 (S.D. Fla. Sept. 26, 2018) was a FLSA case where plaintiff moved to exclude any references to her payment or nonpayment of federal income taxes. On the issue of payment of taxes, plaintiff argued the probative value of whether plaintiff filed and paid taxes is substantially outweighed by the danger of unfair prejudice and confusion on the issues. The Florida District Court held:

> After a thorough review of the arguments presented, we agree with Defendant that whether or not Plaintiff paid federal income taxes is allowed for impeachment purposes because it is probative of Plaintiff's character for truthfulness. *See Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2 (S.D. Fla. July 12, 2010) ("If Plaintiff never paid taxes, that too, may be probative of his truthfulness.") (citing *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."); *Mischalski v. Ford Motor Co.*, 935 F. Supp.

> 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.") ); *see also Tapia,* 2013 WL 12198827, at *1 ("Plaintiff seeks to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes.").
>
> While Plaintiff claims that questions on her federal income taxes may be prejudicial, that argument is unpersuasive because impeachment evidence is by definition prejudicial. The only question is whether the probative value is outweighed by the danger of unfair prejudice and we conclude that it is not. For example, consistent with our Order on Defendant's motion in limine [D.E. 98], Plaintiff is entitled for impeachment purposes to attack the truthfulness of Defendant when the latter failed to complete all the required information on her federal income taxes. The same holds true for Defendant in undermining Plaintiff's credibility to the extent the latter failed to file her income taxes. In other words, impeachment evidence cuts both ways and it is the role of the jury to make the appropriate credibility determinations. Therefore, Plaintiff's motion to exclude any evidence of her payment or nonpayment of federal income taxes is **DENIED**.

*Chavez v. Arancedo*, 2018 WL 4627302, at *4. The *Chavez* Court went on the conclude evidence of plaintiff's immigration status is inadmissible under F.R.E. 403, but as noted above, ruled to allow inquiry as to plaintiff's reporting and payment of taxes.

Defendants respectfully submit this Court should follow the reasoning in *Chavez*.  During this Court's conference call Plaintiff's counsel argued the tax inquiry should not be allowed because Plaintiff's testimony may have to be rehabilitated by Plaintiff disclosing his immigration status to the jury. The problem with this argument is this issue could arise with respect to any cross-examination of an illegal immigrant. Where, as here, the Plaintiff takes the stand to argue his version of the facts should be given credence by the jury over the facts proffered by the Defendants, cross-examination of areas such as nonpayment of taxes and non-filing of tax returns or the false filing of tax returns or failure to report wages should be admissible as relevant to impeach the Plaintiff's truthfulness.  This is a separate inquiry from a Fed. R. Evid. 403 inquiry where Plaintiff does not take the stand or otherwise place his credibility at issue.

*Tapia v. Fla. Cleanex, Inc.*, No. 09-21569-CIV, 2013 WL 12198827, at *1 (S.D. Fla. Mar. 27, 2013) was another FLSA case where both immigration status and the issue of filing taxes was in play.  In *Tapia*, the plaintiff sought to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. The

Hon. Debra C. Freeman
February 21, 2019
Page 5 of 6.

Court held: "We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes." *Id*. Like the other cases, the Court went on the preclude evidence as to immigration status.

*Solano v. A Navas Party Prod., Inc.*, No. 09-22847-CIV, 2010 WL 11505479 (S.D. Fla. July 12, 2010) is another FLSA case on point. The Florida Court held:

> As to Plaintiff's failure to pay federal income taxes, it is unclear from the briefing if Plaintiff paid federal income taxes but under-reported his income, or whether he did not pay any federal income taxes at all. If he did file false tax returns, such information is probative of Plaintiff's truthfulness and is therefore admissible. *See United States v. Sullivan*, 803 F.2d 87, 90-91 (3d Cir. 1986). If Plaintiff never paid taxes, that too, may be probative of his truthfulness.

*Id*. at *2. The Florida Court went on to hold, evidence of immigration status was inadmissible.

The above cases, supported by and relying on precedent from the Second Circuit and this Court, all hold a Defendant has a right to cross-examine a witness for impeachment purposes on whether the witness failed to file taxes, accurately report taxes, pay taxes, or report income, notwithstanding a plaintiff may be an illegal alien. *Barrera*, *Chavez*, *Tapia* and *Solano* reach this conclusion in the FLSA context. Second Circuit and New York District Court precedent support this conclusion. *See Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208, n. 4 (E.D.N.Y. 1996) ("plaintiff admits that he has failed to file income tax returns or pay income taxes while in this country. Controlling case law dictates that such conduct bears directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand …there are a number of critical issues in dispute, and plaintiff's testimony will be very important to his case").[1]

For the foregoing reasons, as well as those set forth in Defendants' Memorandum of Law in Opposition to the Plaintiff's Motion *In Limine* Seeking An Order Precluding Evidence Relating to Plaintiff's Payment or Non-Payment of Taxes, Defendants respectfully request the Court deny Plaintiff's motion to preclude Defendants from eliciting evidence regarding whether Plaintiff filed tax returns, accurately reported income and paid taxes.

---

[1] Plaintiff's reference to *Galindo v. Vanity Fair Cleaners*, No. 09-CIV-6990 KBF, 2012 WL 2510278, at *4 (S.D.N.Y. June 29, 2012) is misplaced as the defendant in *Galindo* argued "evidence of tax payment or non-payment is directly relevant to liability" which Defendants are not arguing here. Defendants' argument here is the admission of tax information for substantive purposes relates to Plaintiff's accurate reporting of income, not his payment or non-payment of wages. Additionally, the order in *Galindo*, which only addresses the issue of payment of taxes, did not address, or consider, if such evidence is admissible for impeachment purposes.

Hon. Debra C. Freeman
February 21, 2019
Page 6 of 6.

As noted above, Plaintiff has not made a proffer that he is an illegal immigrant or has not filed taxes. Nor has Plaintiff affirmatively proffered, if those facts are true, Plaintiff's counsel intends to attempt to rehabilitate Plaintiff's testimony by referring to his immigration status on redirect examination. Without such proffer, any argument of prejudice should be rejected. In any event, as noted above, even if these are the facts and Plaintiff intends to make the strategic choice to bring up immigration status, such decision should not impair Defendants' ability to impeach Plaintiff on the issues related to taxes for the reasons stated above.

One possible solution may be the parties entering a stipulation regarding Plaintiff's failure to pay taxes/file an accurate return/report income which could be read to the jury by the Court with an appropriate jury instruction that the failure to pay taxes/file an accurate return/report income can be considered in ascertaining Plaintiff's truthfulness but immigration status cannot be considered in evaluating Plaintiff's credibility or truthfulness.

Thank you for the Court's kind attention to this matter. Please notify this office of the Court's decision.

Respectfully submitted,

TRIVELLA & FORTE, LLP

/s/ *Christopher A. Smith*

By: Christopher A. Smith

cc: Plaintiff's counsel (via ECF).