

# Helen F. Dalton and Associates, P.C.
### Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ◆ F. 718.263.9598

July 26, 2019

**Via ECF:**
The Honorable Judge Debra C. Freeman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Cassie v. JB Security, Inc., et al.**
**17-CV-6587 (DCF)**
**Request for Approval of Settlement Agreement**

Dear Judge Freeman:

    We represent the Plaintiff Elon Cassie in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit A, memorializes the agreed upon terms by the parties during their months-long negotiation including mediation sessions with this Court. The parties will execute the Agreement within seven (7) of the Court's approval of the Agreement.

**Plaintiff's Position**

    Plaintiff Elon Cassie ("Plaintiff") was a former security guard for Defendants who alleged that he was not paid proper overtime wages when they worked in excess of forty (40) hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff alleged that he worked 88 (eighty-eight) hours or more per week without receiving time-and-a-half for his hours over forty each workweek. Plaintiff also alleged that he was not provided proper wage notices and statements under the NYLL.

**Defendants' Position**

    Plaintiff worked for JB Security, Inc. as a security guard, never worked in excess of forty hours in a work week and was paid in full for all hours worked. Plaintiff was provided proper wage notices and statements under the New York Labor Law.

**The Settlement and Request for Attorneys' Fees and Expenses**

The parties agreed to settle all claims asserted in this matter for a total of $90,000.00, payable in four installments. Pursuant to the settlement, Plaintiff will recover approximately $56,732.00 pursuant to the Settlement Agreement.

Plaintiff's counsel respectfully requests one-third of the settlement amount – less expenses – in attorneys' fees, or $28,366.00, as agreed upon in the Plaintiff's retainer agreements with this firm.

Plaintiff's counsel respectfully additionally requests $4,902.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services ($290.00), research and ECF access fees ($38.00), postage fees ($24.00), and the costs associated with conducting eight depositions, defending one deposition and ordering transcripts for all depositions ($4,150.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $33,268.00.

**Total Settlement:** $90,000.00
**Expenses:** $4,902.00
**Settlement Less Expenses:** $85,098.00
**Plaintiff's Counsel's Requested Fees:** $28,366.00 ($85,098.00 / 3)
**Total Amount Payable to Plaintiff's Counsel:** $33,268.00

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Plaintiff's counsel believes that this amount

reflects the extensive work conducted by Plaintiff's counsel over the last two years in this matter and the recovery to be received by Plaintiff.

There is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted); *accord Matheis v. NYPS, LLC*, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016); *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015); *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013). However, because "the FLSA is a uniquely protective statute," *Cheeks Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2nd Cir. 2015), the district court is required to conduct its own fairness analysis, "even where the employees are represented by counsel." *Id.* As a result, per *Wolinsky v. Scholastic Inc.* 900 F. Supp. 2nd 332, 335 (S.D.N.Y. 2012), the parties will address the following factors:

- The Plaintiff's range of possible recovery:   Plaintiff's initial demand contained a rough calculation claiming $190,476 in owed overtime pay. This calculation assumed Plaintiff worked 88 hours every week, of every month, of every year that he was employed. The Defendant contended, with the support of wage statements, that this calculation was grossly over-stated because Plaintiff worked no overtime and was paid for the hours he worked. After extensive negotiation and discussions, the final settlement amount is a little less than 50% of the initial amount of claimed back-wages owed. Considering the rough nature of Plaintiff's initial demand and the documents Defendant produced, Plaintiff considers this to be a fair settlement considering his potential range of possible recovery and the risk of recovering nothing in the litigation. *See Chowdhury v. Brioni America, Inc.*, No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Castillo v. Cranes Express Inc.*, No. 18-cv-1271, 2018 WL 761356 at *2 (E.D.N.Y. Dec. 12, 2018) (approving settlement that was a little more than 50%); *Ceesae v. TT's Car Wash Corp.*, No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable).

- Avoiding anticipated burdens and expenses:   This lawsuit would be very expensive and would be an emotional burden for Plaintiff. The Defendant, represented by the trial law firm of Trivella & Forte, LLP, strongly disputed the merits of this case. Although Plaintiff believes in the merits of his complaint, he also recognizes that there is a risk in litigation and he understands that documents produced by Defendant would make this case both burdensome and expensive and difficult to prove, despite disputing the accuracy of such documents.   As another court recently found, "this

settlement provides plaintiff with certainty regarding what [s]he will recover from defendants and avoids the time and expense of litigation. Because the parties quickly reached a settlement through court-annexed mediation prior to the start of formal discovery, they avoided the burden and cost of discovery, motion practice, and trial preparation." *Castillo*, 2018 WL 7681356 at *2. Thus, the benefit of plaintiff's settlement at this juncture "outweighs the possibility that he could recover more down the road. *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

- <u>The seriousness of litigation risk faced by the parties:</u> The only certainty in litigation is uncertainty. This case presented some additional issues that increased the seriousness of litigation risks. First, as discussed above, Defendants produced wage statements that contradicted Plaintiff's calculation of wages owed. Because the "time and wage records are not complete and may lead to a 'technical dispute as to whether the wage statements were fully compliant,' the amount plaintiff would be able to prove at trial is also uncertain." *Castillo*, 2018 WL 7681356 at *3 (citation omitted). Second, Defendants produced internal documents and individuals providing depositions describing Plaintiff's job duties. As one court discussed when approving a settlement, such documents and arguments makes plaintiff's ability to prevail at trial "uncertain because defendants dispute liability." *Id.*

- <u>Whether the settlement is the product of arm-length bargaining between experienced counsel</u>: As noted above, this dispute was mediated by the Court and then further negotiated by experienced counsel. *See Vidal v. Eager Corp.*, No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (terms of a settlement "hammered out during mediation ... suggests [that the terms are] the product of arm's length bargaining and that there is a reduced risk of collusion between [the parties.]"). Counsel for both Plaintiff and Defendants have also litigated several employment and FLSA-related cases.

- <u>The possibility of fraud or collusion:</u> Where, as here, a settlement was negotiated among counsel with the help of the Court, there is a decreased chance of the possibility of fraud or collusion. *See generally Feliz v. Parkoff Operating Corp.*, No. 17-cv-7627, 2018 WL 1581991 at *3 (S.D.N.Y. March 27, 2018) (noting that a mediation further negates the possibility of fraud or collusion).

As noted above, there is a *bona fide* dispute as to the numbers of hours worked. Defendant reviewed Plaintiff's allegations and strongly denied them. Instead, Defendant contends Plaintiff never worked more than 40 hours per week. The nature of this dispute, therefore, makes the settlement in this case very reasonable. *See Cheeks*, 796 F.3d at 202, 207.

The Settlement Agreement itself also conforms with the *Cheeks* and other requirements articulated by this District.

- The Settlement Agreement is not filed under seal nor does it contain a confidentiality provision.

- The Settlement Agreement does not contain a non-disclosure provision.

- The Settlement Agreement does not contain a broad release that releases claims having no relation to the FLSA issues.

- The Settlement Agreement contains a release that is not mutual because the release is limited in scope to the claims that could have been asserted in this action – the FSLA and NYLL law claims. *See Bukhari v. Senior*, No. 16-9249, 2018 WL 559153 (S.D.N.Y. Jan 23, 2018) (discussing conflicted opinions in this District as to whether a release should be broad and thus mutual or narrow and thus may not be mutual). To avoid this Court having to wade into this area of conflicting authority, the parties here are not opposed to a broad, mutual release or the as drafted narrow, non-mutual release. Based on the weight of the precedent for an FLSA settlement to only release the FLSA claims, the parties believe that they drafted this Settlement Agreement correctly to only release the FLSA and NYLL claims.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415